IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christina Lee Mullen, ) | C/A No. 0:23-762-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Martin J. O'Malley, Commissioner of the ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1] ) | |
| ) | ☒ Affirmed |
| Defendant. ) | ☐ Reversed and Remanded |
| ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒    Supplemental Security Income ("SSI"):  Plaintiff's age at filing:  <u>30</u>

☐    Disability Insurance Benefits ("DIB"):  Date last insured:

☐    Other:

Application date:  <u>May 24, 2016</u>

Plaintiff's Year of Birth:  <u>1985</u>

Plaintiff's alleged onset date:  <u>May 1, 2016</u>

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley is substituted as the named defendant because he recently became the Commissioner of Social Security.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision: June 6, 2022

Following remand from the Appeals Council, the ALJ applied the requisite five-step sequential process and found as follows:

Step 1:   Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:   ☒ Plaintiff has the following severe impairments:

[D]egenerative joint disease left knee (osteoarthritis); degenerative disc disease with lumbago; mild degenerative disc disease of the cervical spine, psoriasis; psoriatic arthritis/myalgias, obesity; degenerative joint disease right shoulder and clavicle (osteoarthritis); PTSD, depression and anxiety (20 CFR 416.920(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:   ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:   Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except lifting 20lbs - occasionally and 10lbs frequently; carrying 20lbs occasionally and 10lbs frequently; sitting for 6hrs, standing for 6hrs, walking for 6hrs; push/pull as much as can lift/carry. She can operate hand controls with right hand frequently; she can operate hand controls with left hand frequently. The claimant can occasionally reach overhead to the left, and occasionally reach overhead to the right. For all other reaching she can reach frequently to the left and can reach frequently to the right. She can handle items frequently with the left hand and can handle items frequently with the right hand. She has fingering limitations frequently with the left hand and has fingering limitations frequently with the right hand. The claimant has feel limitations frequently on the left, and has feel limitations frequently on the right. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, never crawl. The claimant can never work at unprotected heights, never work around moving mechanical parts or dangerous machinery, and never operate a motor vehicle as an occupational requirement. The claimant must avoid concentrated exposure to humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold and heat, tools and work processes that would expose the claimant's upper and lower extremities on a concentrated basis to vibrations, and no work around open flames or open bodies of water. She is able to perform simple, routine tasks; able to perform simple work-related decisions; interact with supervisors: occasionally interact with coworkers and the public with no greater than incidental. The claimant is able to make simple work-related decisions. The claimant's time off task can be accommodated by normal breaks.

☐ Plaintiff could return to his/her past relevant work.

Step 5:     ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

[G]arment sorter, (D.O.T. #222.687-014, light, SVP 2) with approximately 250,000 jobs in the United States; and, housekeeper/cleaner, (D.O.T. #323.687-014, light, SVP 2) with approximately 920,000 jobs in the United States.

Date of Appeals Council decision:  December 23, 2022

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## Part V—Issue for Judicial Review

"The ALJ's decision is not supported by substantial evidence." (Pl.'s Br., ECF No. 13 at 1.)

## Oral Argument:

☐ **Held on           .**

☒ **Not necessary for disposition.**

**Summary of Reasons**[2]

Plaintiff's brief, shorn of the summary of her medical history and boilerplate social security law, consists of the following sentence: "Applying these principles to the present case, the law and facts below preclude affirmation of the ALJ's findings regarding the medical source opinions, impairment severity, and medical equivalency." (Pl.'s Brief at 4-5, ECF No. 13 at 4-5.) But no law or facts or argument follow this statement; indeed, the next sentence follows the "Conclusion" heading and contains only Plaintiff's request for relief. See generally Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to 'develop [its] argument—even if [its] brief takes a passing shot at the issue.' ") (quoting Brown v. Nucor Corp., 785 F.3d 895, 923 (4th Cir. 2015)) (alterations in original).[3]

Plaintiff bears the burden to show that the ALJ's decision is unsupported by substantial evidence. As she offers no analysis as to how the ALJ erred in applying the applicable law to the record, she has not carried that burden.

**ORDER**

**It is hereby ORDERED that the Commissioner's decision is:**

☒ **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

---

[2] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed on or after March 27, 2017. See, e.g., 20 C.F.R. §§ 416.913, 416.920c. Because the instant claim was filed before that time, the court applies the former law. See 20 C.F.R. § 416.927.

[3] Out of an abundance of caution, the court has independently reviewed the ALJ's thorough decision and concludes that Plaintiff's three stated grounds of error—"medical source opinions, impairments severity, and medical equivalency"—do not warrant remand.

☐    **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐    **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

January 5, 2024  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE